IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN GIBBS                                                                               PLAINTIFF

v.                                    No. 3:15-CV-00185-JTR

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                          DEFENDANT

ORDER AFFIRMING THE COMMISSIONER

Kevin Gibbs ("Gibbs") applied for social security disability benefits with an alleged disability onset date of January 1, 2005. (R. at 49). After conducting an evidentiary hearing, the administrative law judge ("ALJ") denied Gibbs's application for benefits, and the Appeals Council declined review. (R. at 1). Gibbs has requested judicial review of the Commissioner's final decision.[1]

For the reasons stated below, this Court affirms the ALJ's decision.

I.      **The Commissioner's Decision**

The ALJ found that Gibbs had the severe impairments of hypertension, obesity, and seizure disorder. (R. at 11). The ALJ determined that Gibbs had the residual functional capacity ("RFC") to: lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday, with a sit/stand option consisting of sitting for two-hour intervals and standing for thirty to forty-five minute intervals;

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.

1

and push and/or pull twenty pounds occasionally and ten pounds frequently; and avoid all exposure to unprotected heights, climbing ladders/scaffolds, work around dangerous equipment, or the operation of any vehicle. (R. at 11). While these impairments and restrictions prevented Gibbs from returning to past relevant work, the ALJ concluded that there were other jobs Gibbs could perform, including work as a routine office clerk or a cashier. (R. at 15–16). Accordingly, the ALJ found that Gibbs was not disabled. (R. at 16).

**II.   Discussion**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

Gibbs argues that the ALJ erred: (1) in determining his RFC because he failed to consider all of his impairments; (2) in improperly relying on the medical

vocational guidelines; (3) in asking the vocational expert ("VE") an insufficient hypothetical question; and (4) in failing to recognize that the Dictionary of Occupational Titles ("DOT") descriptions of the cashier and routine office clerk positions do not align with the limitations contained in his RFC. The Court will address each of Gibbs's arguments separately.

First, Gibbs contends that the ALJ failed to consider his blackouts in determining his RFC. The ALJ's decision, however, includes discussion of Gibbs's history of blackouts or seizures. (R. at 13, 15). Additionally, the record does not establish that Gibbs suffers from such blackouts with any regularity. Records from February 5, 2013 show that Gibbs had not had a seizure for eighteen months. (R. at 311). Furthermore, he testified to only two blackouts, one in May 2013 and one in 2010. (R. at 29–30). Finally, the RFC restricts Gibbs from heights, climbing, working with dangerous machinery, and operating a vehicle. These limitations were based on Gibbs's limited history of blackouts or seizures. Thus, contrary to Gibbs's assertion, the ALJ did not fail to consider all of Gibbs's impairments.

Second, Gibbs argues that the ALJ erred in relying on medical vocational guidelines to conclude that Gibbs is not disabled. This argument is directly refuted by the record. The ALJ solicited VE testimony and relied on that testimony to determine whether Gibbs was capable of working. (R. at 16).

Third, Gibbs challenges the sufficiency of the hypothetical question to the VE. "A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant." *Newton v. Chater*, 92 F.3d 688, 694-95 (8th Cir. 1996). The ALJ's hypothetical question to the VE included all of the limitations set forth in the RFC. (R. at 37). As discussed above, the RFC sufficiently allowed for all of Gibbs's credible impairments. Accordingly, the ALJ's hypothetical question to the VE was sufficient.

Finally, Gibbs maintains that the ALJ erred in finding that he could perform the jobs of cashier or routine office clerk, as the DOT does not mention a sit-stand option for either job. When an apparent conflict exists between VE testimony and the DOT, the VE must explain it. *Jones v. Astrue*, 619 F.3d 963, 978 (2010). In this case, the VE identified specific positions, within the description of cashier, that would provide a sit-stand option. (R. at 38). The ALJ should have explicitly asked the VE whether his testimony was consistent with the DOT and then solicited an explanation of the conflict, but the VE provided the necessary information for the ALJ to conclude that Gibbs could perform the identified positions of cashier and routine office clerk, as described by the VE. Accordingly, this technical error by the ALJ did not result in any prejudice to Gibbs.

## III.  Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed and Gibbs's complaint is DISMISSED, WITH PREJUDICE.

DATED this 2nd day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE